James H. Power
Marie E. Larsen
HOLLAND & KNIGHT LLP
31 West 52nd St
New York, NY 10019
Telephone. (212) 513-3200
Telefax: (212) 385-9010
james.power@hklaw.com
marie.larsen@hklaw.com

ATTORNEYS FOR PLAINTIFF
TOISA LIMITED



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOISA LIMITED,<br><br>        Plaintiff,<br><br>    -against-<br><br>PT. TRANSAMUDRA USAHA SEJAHTERA<br><br>        Defendant. | Civil Action No 13-CV_____ |

## VERIFIED COMPLAINT

Plaintiff, Toisa Limited ("Toisa" or "Plaintiff") submits this verified complaint against PT. Transamudra Usaha Sejahtera ("Transamudra" or "Defendant"), a foreign corporation, and alleges as follows

## THE PARTIES, JURISDICTION, AND VENUE

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

2.      Toisa brings this action to obtain security for a maritime claim pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule B"), seeking an order and writ of attachment over property of Defendant including but not limited to bank accounts of Defendant beneficially maintained at garnishee financial institutions within the District.

3.      At all times relevant hereto, Toisa Limited is and was a foreign business entity organized under the laws of a foreign state. Toisa Limited has a place of business at 2 Skouze Street & Akti Miaouli, 18536 Piraeus, Greece.

4.      At all times relevant hereto, Transamudra is and was a foreign business entity organized under the laws of a foreign state. Transamudra maintains a business address at Bellagio Residence, Unit OG-25, Kawasan Mega Kuningan Kav. E4.3 Setlabudl, Jakarta, Selatan 12950.

5.      This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333 because this action arises from a maritime contract, i.e., a charter party agreement for an offshore service vessel.

6.      On 3 August, 2012, Toisa and Transamudra executed a charter party on the "Supplytime 89" form for the charter of the vessel "TOISA DAUNTLESS" (the "Vessel"). The charter party is governed by English law and calls for arbitration in Singapore.

7. Transamudra failed to pay hire due pursuant to the terms of the charter party from the end of October 2012 to 21 February 2013 and as a result Plaintiff suffered significant damages in an amount presently calculated to be $2,286,473.27, plus interest, costs and fees.

8. The Charter is governed by English law, which routinely allows for costs, including a reasonable allowance for attorney's fees incurred in the foreign arbitration proceeding.

9. As best as can now be estimated, Toisa expects to recover the following amounts in arbitration from Transamudra:

   a. Principal Claim: $2,286,473.27

   b. Estimated interest on Principal Claim (1 year at 6.0%): $137,940.11

   c. Estimated attorneys' fees for Singapore Arbitration: $130,000.00

   d. Costs of tribunal: $50,000.00

   e. TOTAL: $2,604,413.30

10. On or about January 8, 2013, Toisa provided a Notice of Arbitration to Transamudra, and appointed a sole arbitrator. On January 9, 2013 Transamudra responded to the Notice by agreeing to the appointment of the sole arbitrator and proposing arbitration pursuant to the latest version of SMCA Arbitration Rules.

11. The arbitration between Plaintiff and Defendant has duly commenced and is ongoing.

## APPLICATION FOR ISSUANCE OF RULE B ATTACHMENT

12. Toisa seeks to attach Transamudra's property including, but not limited to, bank account funds and credits, or funds or credits held for the benefit of Transamudra and debts owed to Defendant presently located in this District or in the hands of third parties within this District.

13. Transamudra is not found within the Southern District of New York within the meaning of Rule B of the Supplemental Rules for Admiralty Claims of the Federal Rules of Civil Procedure.

14. Transamudra maintains at least one active U.S. dollar bank account at Bank Mandiri (Persero) PT ("Bank Mandiri"). Bank Mandiri has certified in accordance with U.S. law that it is a "foreign bank" within the meaning of 31 C.F.R. §103 *et seq.* that maintains a U.S. dollar "correspondent account" as defined in 31 C.F.R. §103 *et seq.* on behalf of its customers.[1]

15. As is required, under U.S. banking law, the monetary U.S. dollar credits associated with U.S. dollar accounts of foreign entities, and this account in particular, are in fact in the hands of third party banking institutions in New York commonly referred to as Correspondent Banks. Correspondent Banks charge fees for the maintenance of these correspondent accounts and fees and/or commissions for transfers made in and out of these accounts.

16. Typically, correspondent accounts of foreign banks are maintained in the United States to effect transactions in U.S. Dollars. The assets in the form of credits, or otherwise in those correspondent bank accounts are in most instances the property of the foreign banks' customers.

---

[1] On March 1, 2011 certain regulations were moved from 31 C.F.R. Part 103 to 31 C.F.R. Chapter X.

17. Specifically, Transamudra has at least one U.S. dollar bank account at Bank Mandiri and the "attachable interest" associated with this particular account is known to be located within this District because, among other reasons, it is a subaccount of Bank Mandiri's correspondent account with Royal Bank of Scotland in New York ("RBS").

18. This New York based account is solely for the purpose of maintaining its customers' U.S. dollar subaccounts and associated U.S. dollar credits. A print out of the SWIFT payment details including RBS as a correspondent bank with which Bank Mandiri holds accounts in U.S. dollars is attached hereto as Exhibit 1.

19. Bank Mandiri and its affiliates have established U.S. banking relationships with other New York located Correspondent Banks in addition to RBS. As such, it is highly likely that other Correspondent Banks act solely or collectively on behalf of Bank Mandiri and its related entities for the purpose of processing U.S. dollar transactions for Bank Mandiri and its customers.

20. Toisa seeks issuance of an order from this Court directing the Clerk of the Court to issue a process of maritime attachment and garnishment pursuant to Rule B, attaching Defendant's property in the form of credits or funds for the ultimate benefit of Defendant in the hands of RBS and other Correspondent Banks for the purpose of securing Toisa's claims as described herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Toisa prays as follows:

1. That a summons with process of attachment and garnishment may issue against Defendant PT. Transamudra Usaha Sejahtera, and that if it cannot be found, that its property whether real or personal, tangible or intangible presently existing or hereinafter arising which could be assigned or transferred including, but not limited to cash, deposits, instruments, securities security entitlements, security accounts, equity interests, credits or debits assigned to or for the benefit of Defendant at Correspondent Banks within the district may be attached in an amount sufficient to answer Toisa Limited's claims;

2. That Defendant PT. Transamudra Usaha Sejahtera, and any other person claiming an interest therein, may be cited to appear in the matters aforesaid and that judgment be entered against Transamudra and in favor of Toisa in an amount to be determined at trial, but not less than $2,604,413.30;

3. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and,

4. That this Court grant Toisa such other and further relief which it may deem just and proper.

Respectfully submitted,

*/s/ James H. Power*
James H. Power
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 513-3494
Fax: (212) 385-9010
Email: james.power@hklaw.com

## VERIFICATION

STATE OF NEW YORK            )
                             :ss.:
COUNTY OF NEW YORK           )

I, James H. Power, a Partner at Holland & Knight LLP, verify that I have read the foregoing Verified Complaint and know the contents thereof, and the same are true and correct to the best of my knowledge. I make this declaration on behalf of, and with the authorization of, Toisa Limited because Toisa Limited is a foreign corporation, having no officer or director within this District.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: March _1_, 2012

_____
James H. Power

[Notary Public]

*Sworn to before me this 1st day of march, 2013*

_____

Elvin Ramos
Notary Public, State of New York
NO. 01RA48-0243
Qualified in Queens County
Certificate filed in New York County
Commission Expires September 2, 2014

7

**EXHIBIT 1**



```
d    _13 (    n n  n t  )  r  13  'Msgtype   103 02 n    2
           SWIFT  NCPUSANNYC        Clearing     Master det
                            _)T       F-120 9(3526200)
5 A 2 v      1012 12   c)   USD   21 2 c
      AAB   21t    2(  (0)s  s0)   mount         620 000 00
           TP                        g   n       C20 63  c5  SD
50a Ordering customer          2000026 821
K TRANSAMUDRA USAHA SEJAHTERA        GEDUNG THE BELLAGIO RESIDENCE  MAL
 UNIT G 25J1 MEGA KUNINGAN BARAT KAV  SETIABUDI JAKARTA INDONESIA
52a O d ring institution
A B   I D JA             BANK MAND RI (PERSERO) PT
   ARTA
    sende     pc  det
    ADN                 THE ROYAL BANK OF SCOTLAND N   INE
   EN  YORK N
                sp ) t  t

 r              np          t   di  )




 I acc AAB  2 18    20 22 )23 USD
          TOISA LTD
 6a       m  at

 7a       nt with  nstitution

      Be        v   singer  n

     P                0 2 93
  TO SA   MITE

  Detals of payment
    ROC CHARTER HIRE TOISA DAUNTLESS 1   30 OKT 2012 RFB 0900601001658602
```