USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/07/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOISA LIMITED,

           Plaintiff,

-against-

PT. TRANSAMUDRA USAHA SEJAHTERA

           Defendant.

Civil Action No. 13-CV-1407(JMF)

### ORDER DIRECTING THE BANK OF NEW YORK MELLON TO PAY ATTACHED FUNDS INTO THE REGISTRY OF THE DISTRICT COURT

**WHEREAS**, on March 1, 2013, Plaintiff, Toisa Limited ("Toisa" or "Plaintiff"), filed a Verified Complaint in the captioned action seeking damages of $2,604,413.30 and seeking the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure;

**WHEREAS**, on March 1, 2013, the Court issued an Order to Issue Writ of Maritime Attachment and Garnishment and Appointing Process Server (the "Order"). The Order provided that upon service, garnishees, including The Bank of New York Mellon ("BNY Mellon") "shall restrain $2,604,413.30 in the Correspondent Bank account of its customer Bank Mandiri (Persero) PT until such time as garnishee is able to determine what funds or credits in its customer Bank Mandiri (Persero) PT's U.S. Dollar correspondent account at the garnishee banks belongs to or is held for the benefit of Defendant PT Transamudra Usaha Sejahtera."

6671058-1

**WHEREAS**, pursuant to the Order, BNY Mellon restrained $2,604,413.30 in the account of Bank Mandiri (Persero) PT ("Bank Mandiri"); and

**WHEREAS,** on July 23, 2013, BNY Mellon filed an Answer in this matter requesting that the Process of Maritime Attachment and Garnishment Order be quashed and restraint lifted; and

**WHEREAS**, a conference was held August 1, 2013, regarding the assets in Bank Mandiri's correspondent account with BNY Mellon which are currently subject to the process of maritime attachment issued by the Court in this matter; and

**WHEREAS** the Plaintiff hereby applies for an Order that the funds attached at BNY Mellon should be paid into the Registry of the Court and deposited in an interest bearing account;

**IT IS HEREBY ORDERED** that, pursuant to Rule B(3)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, BNY Mellon shall, within 10 business days of the date of this Order, pay the attached funds into the Registry of this Court and BNY Mellon shall be discharged of its obligations as garnishee in this action upon making such payment of the attached funds into the Registry of this Court; and it is further

**ORDERED** that the Clerk of the Court shall deposit the attached funds in an account in which the attached funds will earn interest until further Order of this Court; and it is further

**ORDERED** that pursuant to Rule E(4)(f) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, any person, including but not limited to the Defendant Transamudra and Bank Mandiri, claiming an interest in the

attached funds shall be entitled to a prompt hearing at which Plaintiff shall be required to show why the attachment should not be vacated; and it is further

**ORDERED** that Plaintiff shall be required to provide prompt notice to Defendant Transamudra and Bank Mandiri of this Order by international express mail and electronically, if possible; and it is further

**ORDERED** that upon issuance of a foreign arbitration award or judgment in the underlying dispute between Plaintiff and Defendant, Plaintiff shall provide, in the same manner, notice of such award or judgment to Bank Mandiri as well as notice should Plaintiff attempt to execute or seek a turnover of the funds deposited by BNY Mellon into the Registry of the Court pursuant to this Order.

SO ORDERED.

Dated: New York, New York
       August 7, 2013

_____
JESSE M. FURMAN
United States District Judge